## CITY OF HATTIESBURG *v.* REID

No. 39989          February 27, 1956          85 So. 2d 766

*C. W. Sullivan,* Hattiesburg, for appellant.

C. M. *Morgan, Jr.*, Hattiesburg, for appellee.

Lee, J.

This is an appeal by the City of Hattiesburg from a judgment of the circuit court, which awarded to Mrs. Gwen Reid damages in the sum of $500 on account of personal injuries which she sustained from stepping into an open sewer or catch basin in the neutral ground on one of the city streets.

Without going into a detailed statement of the evidence, it is sufficient to say that the jury was well warranted in finding the following facts: A path, in continuous and general use for many years by tenants of the Briarfield Apartments and others in the City of Hattiesburg, leads from Second Street into the apartments. Mrs. Gwen Reid, a Briarfield tenant, frequently used this path, which lead over a city storm sewer or catch basin. On Friday, October 30, 1954, employees of the city flushed, or did other work on, this catch basin, and, on departing, left the cover off and the hole open. When Mrs. Reid, a waitress, got off from work and was returning home just after midnight of the 31st, she alighted from a car near the front of the apartments, and was walking the path to the apartment, occupied by herself and husband, and in the dark, she stepped into this open hole and sustained her injuries. The City brought out in the evidence the fact that, if the car had

stopped directly in front of the apartments, Mrs. Reid could have alighted opposite a concrete sidewalk, leading into the apartments, and could have traveled this walk without being exposed to danger.

Thus the City contends here that the trial court erred in refusing two of its requested instructions to the effect that it was not required to keep the entire width of the street safe for travel, if a portion was sufficient for that purpose, and if the concrete walk into the apartments was sufficiently wide and safe for travel, then the jury should find a verdict for it.

The principle, which was announced in those instructions, had no application to the facts of this case. Because of the long continued use of the path, it may be said here just as was stated in Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So. 2d 827, that ''the neutral strip here in question was as much a part of the street, so far as pedestrians were concerned, as was any other part of the thoroughfare; and the rule of reasonable safety is as obligatory in respect to the use at night as in the day.''

No prejudicial error appears in the record, and the cause is therefore affirmed.

Affirmed.

*McGehee,* C. J., and *Holmes, Arrington* and *Ethridge,* JJ., concur.